**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN PRAIZNER & MALIK THOMAS,** Plaintiffs, | : | |
| v. | : | Civil No. 5:24-cv-01126-JMG |
| **RED & BLUE DICE CORP.,** *et al.*, Defendants. | : | |

## MEMORANDUM OPINION

**Gallagher, J.** **August 19, 2026**

### I. OVERVIEW

Plaintiff Malik Thomas ("Plaintiff") is the prevailing party on the claims he brought against Dice Corporation and Azharul Islam ("Defendants"). Plaintiff initiated this action alleging violations of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA") and the Pennsylvania Wage Payment and Collection Law ("PWPCL").

On June 5, 2025, after discovery had closed and during trial preparation, the Court was notified that Plaintiff had accepted Defendants' Offer of Judgment. The Offer of Judgment provided that attorneys' fees and costs shall be in an amount agreed upon, or, if no agreement is reached, in an amount determined by the Court. Because no agreement has been reached, Plaintiff filed the present Motion for Attorneys' Fees. Although the amount sought by Plaintiff's counsel modestly exceeds what is reasonable under the circumstances, Plaintiff is nevertheless entitled to an award of fees and costs, including the substantial majority of the amounts requested.

## II. BACKGROUND

The Court will provide an abbreviated background of the facts and history of this case as they pertain to the instant Motion for Attorneys' Fees and Costs. Plaintiffs John Praizner and Malik Thomas initiated this action, alleging that Defendants failed to pay them required wages during their employment at Defendants' Domino's-affiliated franchise locations. *See generally* Compl. The Complaint asserted wage-and-hour violations, including failure to pay overtime compensation and failure to maintain legally required payroll records. *See generally id.*

Throughout the litigation, Plaintiffs sought to resolve the fee and cost issues without the Court's intervention. On June 19, 2025, the Court was notified that Plaintiff had accepted Defendants' Offer of Judgment, and judgment was entered in the amount of $23,000.01. *See* Acceptance of Offer of Judgment, ECF No. 48. The Offer of Judgment further provided that Plaintiff's reasonable attorneys' fees and costs would be added to the judgment in an amount agreed upon by counsel for the Parties, or, if they were unable to reach an agreement, in amount determined by the Court. *See* Offer of Judgment (ECF No. 48-1).

Counsel for Plaintiff's contacted Defendants to discuss a negotiated resolution of the attorney's fee component following the settlement of the underlying wage claims. Despite these efforts, Defendants did not extend any offer addressing Plaintiffs' fee demand. Plaintiff therefore proceeded to file the present Motion for Attorneys' Fees, including supporting documentation of hours expended, billing records, and declarations. *See* Pl.'s Br. in Supp. of Mot. for Att'y's Fees & Costs (ECF No. 104). Defendants, on the other hand, oppose the fee request and argue that certain

hours and tasks should be excluded and/or reduced. *See* Defs.' Mem. of L. in Supp. of Resp. in Opp'n to Pl.s Mot. for Att'y's Fees & Costs (ECF No. 107).

## III. STANDARD OF REVIEW

A prevailing plaintiff under the FLSA is entitled to an award of reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b). The statute provides that the court "shall…allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.* The Third Circuit has held that this language is mandatory, not discretionary, and that once a plaintiff obtains a judgment, whether through trial, settlement, or acceptance of an offer of judgment, the court must award reasonable fees. *See Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001).

Courts in the Third Circuit apply the lodestar method to determine the appropriate fee award. *Id.* The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986). "When the applicant for a fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." *Delaware Valley Citizens' Council*, 478 U.S. at 564.

## IV. ANALYSIS

### A. Plaintiff is Entitled to Reasonable Attorneys' Fees and Costs

First and foremost, a prevailing party in an FSLA action is entitled to reasonable attorneys' fees as a matter of statute. The FSLA contains a mandatory fee-shifting provision: when an employee succeeds on any part of his claim, "the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The Court's role is not to decide whether

fees should be awarded, but how much is reasonable under the lodestar framework. The entitlement to fees applies even when counsel seeks an amount exceeding what is reasonable. Courts routinely reduce excessive or unsupported fee requests. The Court therefore proceeds to determine the appropriate amount of fees that should be awarded in this case.

**B. Reasonable Rate**

"The party seeking the attorney's fees has the burden to prove that its request for attorney's fees is reasonable. To meet its burden, the fee petitioner must submit evidence supporting the hours worked and rates claimed." *Rode v. Dellaciprete*, 892 F.2d 1177, 1183 (3d. Cir. 1990) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community. An hourly rate is considered reasonable if the fee applicant can demonstrate by evidence that the suggested rate is comparable to the current "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001).

Within this District, several colleagues have approvingly pointed to rates set forth by Community Legal Services of Philadelphia ("CLS").[1] *See Barrett v. W. Chester Univ. of Pa. of State System of Higher Education*, No. 03-CV-4978, 2006 WL 859714, at *4 (E.D. Pa. Mar. 31, 2006) ("We note that in reducing an attorney's normal rate, the Third Circuit and several courts in this District, have turned to the CLS schedule for guidance." (citing cases)); *see also*, *e.g.*, *Doe v. Schorn*, Civ. A. No. 23-3252, 2024 WL 1258654, at *6 (E.D. Pa. Mar. 25, 2024) (considering CLS rate as factor in its reasonability analysis); *Pa. State Lodge Fraternal Order of Police v. Twp. of*

---

[1] *See Attorney's Fees*, CMTY. LEGAL SERVS. (Jan. 19, 2023) https://clsphila.org/about-community-legal-services/attorney-fees/. The Schedule accessed by the Court was updated on January 19, 2023 (hereinafter "*CLS Fees*").

*Springfield*, Civ. A. No. 23-332, 2024 WL 1219960, at *2 (E.D. Pa. Mar. 21, 2024) ("Courts in this Circuit also consider whether the requested hourly rate is in line with the [CLS] fee schedule."); *Rahman v. Leone*, Civ. A. No. 23-4110, 2024 WL 3927215, at *1 (E.D. Pa. Aug. 23, 2024). The Third Circuit has also approvingly cited the CLS rate schedule. *See Maldonado v. Houstoun*, 256 F.3d 181, 184, 188 (3d Cir. 2001) (noting the CLS rates "have been widely accepted as fairly reflecting the prevailing market rates in Philadelphia" and holding "the rates set forth in the CLS schedule are reasonable for the services performed"). This schedule serves as a baseline of what rates are reasonable in the Eastern District of Pennsylvania.

Plaintiff claims fees for Attorney Hardwick at a rate of $700 per hour. In support, Plaintiff relies primarily on the CLS rate schedule and an affidavit from Michael Homans attesting that $700 is a reasonable market rate for experienced employment litigators. *See* Verification of Michael Homans in Support of Pl.'s Pet. for Att'y's Fees & Costs (ECF No. 104-4). Plaintiff also submits a second supporting affidavit from Scott Pollins and argues that Defendants offer no authority suggesting the Court should deviate from the CLS schedule, which courts in this District routinely use as a benchmark. *See* Verification of Scott Pollins in Support of Pl.'s Pet. for Att'y's Fees & Costs (ECF No. 104-5).

Defendants oppose the requested rate and argue that $700 is excessive. They contend that Plaintiff's reliance on the CLS schedule is misplaced because, in their view, the schedule does not reflect rates actually paid in the market and lacks a transparent methodology. *See* Defs.' Mem. of L. in Supp. of Resp. in Opp'n to Pl.s Mot. for Att'y's Fees & Costs at 4. Defendants also argue that Plaintiff's counsel previously sought a rate of $530 per hour in another matter, and that the redacted engagement letter submitted here lists Attorney Hardwick's rate at $700 but does not include any engagement letter showing what rate Plaintiff actually agreed to pay for this litigation. *Id.*

Defendants further point to Attorney Hardwick's prior representation of a $450 hourly rate for work as an arbitrator before the American Arbitration Association, asserting that this demonstrates the requested $700 rate is inflated. *Id.* at 5. According to Defendants, even assuming a 5% annual increase since 2023, counsel's rate would be $496. *Id.* They therefore ask the Court to cap the hourly rate at that amount.

Defendants' arguments are unpersuasive. Arbitrator rates and litigation rates arise from different markets, involve different work, and are not directly comparable. An attorney's willingness to serve as an arbitrator at a lower rate does not dictate the reasonable hourly rate for litigation services under the FLSA, where fee-shifting is mandatory and market rates for experienced counsel govern the analysis. Likewise, counsel's decision to seek a lower rate in a separate matter does not undermine the reasonableness of the rate requested here.

The CLS fee schedule identifies a reasonable hourly rate of $735-850 for attorneys with more than twenty-five years of experience. Attorney Hardwick has practiced for over forty years and falls well within the highest-experience category. The Court notes that she has requested an hourly rate below the CLS range. The CLS schedule remains widely accepted and frequently applied reference point in this District, and the supporting affidavits submitted by Plaintiff reinforce that the requested rate aligns with prevailing market rates for attorneys of comparable skill and experience. Accordingly, the Court declines to adopt Defendants' proposed cap and concludes that Attorney Hardwick's requested rate of $700 per hour is appropriate.

### C. Reasonable Hours Expended

Next, the Court must determine what hours have been reasonably expended. In doing this, a court has discretion to exclude hours that are "excessive, redundant, or otherwise necessary"

from ultimate calculation of a reasonable fee. *See Rode*, 892 F.2d at 1183. Here, Plaintiff's counsel submits time records. *See* ECF No. 104-3.

Defendant argues that certain time entries should be reduced. *See* Defs.' Mem. of L. in Supp. of Resp. in Opp'n to Pl.s Mot. for Att'y's Fees & Costs at 7-8. The Court will address each of Defendant's specific challenges separately below, evaluating whether the disputed entries were reasonably expended and whether any additional apportionment or reduction is appropriate under the governing standards.

**i. April 24, 2025**

Defendant challenges Plaintiff's April 24, 2025, request for 3.5 hours billed for review of documents and preparation for depositions. *Id.* at 8. Defendant argues that counsel improperly allocated 100% of this time to Plaintiff's successful wage-and-hour claims even though the document production and depositions were conducted in the consolidated cases and involved claims and theories on which Plaintiff did not prevail. Defendant contends that this entry should be reduced to no more than 30% of the hours billed. *Id.*

Plaintiff responds that counsel already reviewed the time entries carefully and removed hours unrelated to the successful claims. Plaintiff nevertheless agrees that some portion of the 3.5 hours may have related to other claims and therefore consents to a 50% reduction, amounting to 1.75 hours. *See* Pl.'s Br. in Supp. of Mot. for Att'y's Fees & Costs at 7. Plaintiff asserts that this reduction appropriately accounts for time that may have been attributable to unsuccessful claims while still compensating counsel for work reasonably necessary to litigate the prevailing wage-and-hour claims. *Id.*

The Court finds Plaintiff's proposed allocation reasonable. Although Defendant seeks a more substantial reduction, the record reflects that counsel has already exercised billing judgment

and removed unrelated time. A 50% reduction appropriately accounts for the overlap between claims while ensuring compensation for work that materially advanced the successful FLSA and PMWA claims. Accordingly, the Court deducts 1.75 hours from this entry.

**ii. April 28, 2025**

Defendant next challenges the 4.2 hours billed for drafting the Motion to Compel ("MTC"). Defendant argues that counsel improperly charged 100% of this time to Plaintiff's successful wage-and-hour claims even though the MTC sought discovery in the consolidated cases, involved claims on which Plaintiff Thomas did not prevail, and the Court previously denied Plaintiff's request for fees associated with the MTC. *See* Defs.' Mem. of L. in Supp. of Resp. in Opp'n to Pl.s Mot. for Att'y's Fees & Costs at 8. Defendant therefore contends that the entry should be reduced to no more than 30% of the hours billed. *Id.*

Plaintiff responds that the MTC was directed primarily at obtaining payroll records that had not been produced despite repeated telephone calls, emails, and attempts to resolve the issue informally. *See* Pl.'s Br. in Supp. of Mot. for Att'y's Fees & Costs at 7-8. Plaintiff disputes Defendant's assertion that the MTC was "not successful," explaining that it was only after the MTC was filed that Defendant produced the outstanding documents. *Id.* Plaintiff further asserts that the emails produced as a result of the MTC were essential to prove that overtime previously paid to Plaintiff Thomas was later deducted from his paychecks, a fact that would not have been apparent from the payroll records alone. *Id.* at 8. According to Plaintiff, the discovery obtained through the MTC was necessary to establish the wage-and-hour violations on which he ultimately prevailed. *Id.* Plaintiff therefore argues that there would have been no appreciable diminution in the time required to prepare the MTC even if the unsuccessful claims had not been part of the case, and that the full 4.2 hours were reasonably expended. *Id.*

The Court agrees that the MTC was materially directed at discovery central to Plaintiff's successful wage-and-hour claims. The record supports Plaintiff's assertion that the MTC prompted the production of documents necessary to establish the overtime-deduction theory on which Plaintiff prevailed. Although the MTC also touched on discovery relevant to other claims, the Court finds that the core work would have been required regardless of the unsuccessful claims. Accordingly, the Court concludes that no reduction is warranted here.

**iii. April 31, 2025**

Defendants also challenge 2.7 hours billed for reviewing EDPA rules and drafting the brief in support of the MTC, arguing that the MTC was not successful, sought discovery in both consolidated cases, and previously resulted in a denial of fees. *See* Defs.' Mem. of L. in Supp. of Resp. in Opp'n to Pl.s Mot. for Att'y's Fees & Costs at 8. For the reasons already discussed above regarding the MTC, the Court finds that this work was directed at obtaining discovery central to Plaintiff's successful wage-and-hour claims and would have been required even absent the unsuccessful claims. Accordingly, the Court concludes that no reduction is warranted and allows the full 2.7 hours as reasonably expended.

**iv. May 1, 2025**

Defendant also challenges the 1.8 hours billed for drafting the certification of counsel and revising and finalizing the brief in support of the MTC, again arguing that Attorney Hardwick improperly charged 100% of the time to Plaintiff's successful wage-and-hour claims because the MTC was not successful, sought discovery in both consolidated cases, and previously resulted in a denial of fees. *See* Defs.' Mem. of L. in Supp. of Resp. in Opp'n to Pl.s Mot. for Att'y's Fees & Costs at 8. For the reasons stated above, the Court finds that this work was directed at obtaining discovery central to the prevailing claims and would have been required even absent the

unsuccessful claims. Accordingly, no reduction is warranted, and the full 1.8 hours are allowed as reasonably expended.

**v. May 15, 2025, and May 16, 2025**

Lastly, Defendant challenges a total of 1.6 hours billed on May 15-16 for drafting the proposed joint Motion to Extend the Disco Deadline ("MTE"), arguing that counsel improperly charged 100% of the time to Plaintiff's successful wage-and-hour claims because the MTE concerned the consolidated cases, and further contending that 1.6 hours is excessive for a two-page filing. *See* Defs.' Mem. of L. in Supp. of Resp. in Opp'n to Pl.s Mot. for Att'y's Fees & Costs at 8.

Plaintiff responds that the MTE would have required essentially the same amount of time even if it had been prepared solely for the Plaintiff Thomas matter, and that her email correspondence reflects numerous back-and-forth communications with defense counsel regarding proposed dates and scheduling constraints. *See* Pl.'s Br. in Supp. of Mot. for Att'y's Fees & Costs at 8. For the reasons stated above regarding tasks that would have been required irrespective of the unsuccessful claims, the Court finds that the time billed for preparing this MTE was reasonably expended. Accordingly, no reduction is warranted.

**D. Plaintiff is Entitled to Partially Recover for Preparation of the Fee Petition**

Plaintiff also seeks compensation for the time spent preparing and litigation of the present Motion. Plaintiff argues that, after accepting the Offer of Judgment, Attorney Hardwick attempted to resolve the issue of fees and costs informally, but Defendants made no offer to resolve the matter. Plaintiff contends that Attorney Hardwick therefore had no choice but to file this Motion for

Attorneys' Fees and is entitled to recover reasonable fees for the work required to secure the fee award.

The Offer of Judgment provides that Plaintiff's "reasonable costs and attorney's fees now accrued as of the date of this offer" are to be added in an amount agreed to or determined by the Court. Defendants argue that this language limits recovery to fees incurred before the date of the offer, thereby excluding time spent preparing and litigating the fee petition. The Court does not read the Offer of Judgment so narrowly.

Courts in the Third Circuit hold that time reasonably spent preparing and litigating a fee petition is compensable. *See Shadis v. Beal*, 703 F.2d 71, 73 (3d Cir. 1983) (holding that an attorney who is successful in obtaining an attorney fee award is entitled to compensation for the time [they] spent preparing a fee petition and litigating the same); *Harris v. Paige*, 2013 WL 4718949, at *9 (E.D. Pa. Sept. 3, 2013).

Defendants argue that Plaintiff's request for twenty-two hours devoted to drafting and submitting the Motion should be rejected in full because the work occurred after the Offer of Judgment was accepted. The Court rejects that argument. The fact that the Offer of Judgment resolved the merits does not eliminate Plaintiff's entitlement to reasonable fees, nor does it bar recovery for reasonable time spent securing those fees. However, the Court must still assess the reasonableness of the hours claimed. The Court finds that the twenty-two hours requested (totaling $15,400) for preparing the Motion warrants some reduction. The same conclusion applies with equal force to the additional 9.9 hours (totaling $6,390) that Plaintiff's counsel seeks for preparing the Reply Brief in Further Support of the Motion.

In determining a reasonable amount of time, the Third Circuit evaluates whether the hours claimed reflect what a reasonably competent attorney would require under similar circumstances.

*See Rode*, 892 F.2d 1177, 1183 (3d Cir. 1990). Courts also consider counsel's experience, recognizing that seasoned litigators familiar with FLSA fee-shifting principles are expected to prepare fee petitions efficiently.

The Court also notes that, although Defendants argue that *all* time spent preparing the Motion should be excluded, they did not identify any particular billing entries that they believed were excessive or unnecessary in the event the Court declined to adopt their categorial position.

Applying these principles and comparing the hours requested here to prevailing practice in similar FLSA cases in this District, the Court concludes that the twenty-two hours claimed for preparing the Motion, and the additional 9.9 hours for preparing the Reply Brief is reasonable.

## V. CONCLUSION

The FLSA's fee-shifting provision is designed to ensure that employees can vindicate their statutory rights even if their damages at issue are small. The Third Circuit recognizes that fee awards must be sufficient to attract competent counsel to wage-and-hour cases, and fee awards must be applied in a manner that furthers the statute's remedial purpose. For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees and Costs is **GRANTED in part**. Accordingly, Plaintiff is awarded **$163,369.78** in fees and **$3,054.00** in costs. This amounts to a total of **$166,423.78.** An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge